IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PERCY HOLCOMB,

    Petitioner,

vs.                                                                              No. 19-cv-080 RB-GJF

UNITED STATES OF AMERICA,

    Respondent.

**ORDER DENYING MOTION UNDER SECOND CHANCE ACT**

This matter comes before the Court on Percy Holcomb's motion for relief under the Second Chance Act. (Doc. 1.) The Clerk's Office originally opened the matter as a 28 U.S.C. § 2241 habeas proceeding, but the Motion seeks a recommendation regarding Mr. Holcomb's placement in a halfway house and/or home confinement. Specifically, Mr. Holcomb asks the Court to direct the Bureau of Prisons (BOP) to place him in a residential reentry center (*i.e.*, a Halfway House) for six months and on home confinement for the remaining six months of his sentence. (Doc. 1 at 1.) The Court therefore construes the Motion as a request for relief under the Second Chance Act, 18 U.S.C. § 3624(c).

The Second Chance Act governs halfway house placements in the months leading up to a prisoner's release. *See generally* Pub. L. 110-199, 122 Stat. 657. It requires the "Director of the BOP to ensure that a prisoner . . . spends a portion of the final . . . [prison] term (not to exceed 12 months) under conditions that will" aid the transition into society. 18 U.S.C. § 3624(c). The Second Chance Act affords no relief here because Mr. Holcomb already completed his sentence and severed contact with the Court. The Federal BOP Inmate Location website reflects he was released

on July 19, 2019. *See* https://www.bop.gov/inmateloc/. Accordingly, the "best this [C]ourt could do for him would be to declare that he spent longer in prison [or a Halfway House] than he should have," which would not address the injury. *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012) (addressing mootness and motions to reduce sentence). For these reasons, the Court will deny the Motion as moot and enter a judgment administratively closing the civil case.

**IT IS ORDERED** that Percy Holcomb's motion for relief under the Second Chance Act (**Doc. 1**) is **DENIED as moot**; and the Court will enter a separate judgment administratively closing the civil case (19-cv-080 RB-GJF).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE